IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RONALD OLSHINSKI, | ) | |
| | ) | |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION,** |
| | ) | **ORDER, AND** |
| | ) | **RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:08CV91 |
| | ) | 1:05CR289-1 |
| Respondent. | ) | |

Petitioner Ronald Olshinski, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 42).[1] Petitioner was indicted on five counts of mailing, transporting, or shipping child pornography in interstate commerce by means of a computer in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1) and one count of possession of child pornography after shipment in commerce by any means, including a computer, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Petitioner pled guilty to the five counts of mailing, transporting, or shipping child pornography (docket nos. 9, 10). He was sentenced to 100-months imprisonment (docket no. 27). Following an unsuccessful direct appeal (docket nos. 38, 39), Petitioner filed the current motion. Respondent has filed a response seeking to have the motion denied (docket no. 47) and

---

[1]This and all further cites to the record are to the criminal case.

Petitioner has filed a reply (docket no. 49). The motion is now before the court for a decision.

The court notes that prior to filing his section 2255 motion, Petitioner filed a motion seeking to have the court force his former attorney, Thomas Cochran, to send his file, including his Presentence Report (PSR), to a designated representative (docket no. 40). Cochran responsed that he had sent the file but not the PSR, and that he was willing to send the PSR if ordered to do so by the court (docket no. 41).

Petitioner's motion seeking the PSR has not been ruled on, but he filed his section 2255 motion in any event. In the section 2255 motion and related documents, he includes cites to his PSR. It is not entirely clear, but he appears to have accessed that document in some manner, thus his motion may well be moot. Even if it is not, the full section 2255 motion is now before the court. A review of the submissions of the parties regarding that motion, as well as the PSR, shows that Petitioner has cited the necessary portions of the PSR in order to pursue his section 2255 motion. Nothing else in the PSR pertains in a material way to the claims raised in the motion. Therefore, Petitioner's motion to have Cochran provide a copy of the PSR will be denied.

## DISCUSSION

Turning now to the merits of Petitioner's motion, his first two claims for relief both allege that he received ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing, a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985).

Petitioner's first claim for relief alleges that his attorney committed a serious tactical error by neglecting to raise a viable ground for a downward departure under the United States Sentencing Guidelines. Petitioner underwent a psychological evaluation prior to sentencing and the report that resulted states that Petitioner's early sexual experiences may have contributed to his behavior in committing his

crimes (docket no. 17). This suggestion was noted in the PSR and in a sentencing memorandum prepared by Petitioner's counsel (PSR ¶ 68-69, docket no. 19 at 9.) Petitioner argues that merely raising the point in a memorandum was insufficient because counsel should have used the information to argue for a downward departure under USSG § 5K2.13.

As Respondent points out, counsel did not raise Petitioner's proffered argument for a downward departure because it was specifically forbidden under the version of the USSG in effect at the time Petitioner committed his crimes. Petitioner makes his argument by relying on an earlier version of USSG § 5K2.13. That version, subject to certain restrictions, allowed downward departures if a defendant committed the crime while suffering from a significantly reduced mental capacity. The guideline was amended so that the departure was specifically unavailable for certain crimes and Petitioner's sending of child pornography is among them. For this reason, it would have been futile for counsel to raise the argument Petitioner suggests. He did not provide Petitioner with ineffective assistance by failing to raise a futile argument, and Petitioner could not have been prejudiced. Therefore, Petitioner's claim, as raised in his motion, should be denied.

After seeing Respondent's argument in its response brief, Petitioner has modified his claim in his reply. Rather than arguing that counsel should have sought a downward departure under section 5K2.13, he now asserts that counsel should have moved for a variance from the USSG under 18 U.S.C. § 3553(a). This

-4-

incarnation of Petitioner's claim meets with no more success than the first. As noted, counsel did raise the point that the evaluation showed that Petitioner's offense conduct might be related to his early sexual experiences. He did so in relation to a section 3553(a) argument in his sentencing memorandum and referred to the psychological report generally at sentencing (docket no. 19 at 9; docket no. 34, Sent. Tr. at 2-5, 12-14). This fact was also set out in the PSR and the psychological evaluation report (PSR ¶ 68-69; docket no. 17). While it is true that counsel did not specifically argue the connection between the crimes and Petitioner's early experiences at sentencing but instead focused on Petitioner's severe physical difficulties, the connection was in the record and was put before the sentencing judge in written fashion. It is highly unlikely that adding a verbal argument at sentencing would have made a difference in the case.

Petitioner's argument also suffers from two more deficiencies. First, counsel made a strong argument for a downward variance or home confinement based on Petitioner's physical difficulties. Still, this argument and the contents of the sentencing memorandum, PSR, and psychological report did not even result in a sentence at the bottom of the recommended guideline range. There is nothing to suggest the argument Petitioner claims should have been presented would have succeeded where the other arguments failed.

Second, any argument based on the idea that Petitioner committed his crime because of diminished mental capacity would have been quite weak. The

psychological report notes only that Petitioner's actions suggest that they were connected to his own early experiences (docket no. 17 at 1-2). Even if this suggestion is true, it does not equate to "diminished capacity" but only explains his propensity to engage in the charged conduct. Furthermore, even if the report could be seen to support a diminished capacity argument, that argument would have been severely undercut by Petitioner himself. The report on which he bases his argument notes that Petitioner denied having any sexual interest in the pictures on his computer and instead claimed that he was only researching child pornography to determine whether the children in the pictures were kidnaped or had family problems (*id.* at 1). In other words, he specifically disavowed the link he now seeks to use to support his claim.

At sentencing, Petitioner's story changed somewhat, but his denial of any sexual interest in the pictures did not. Petitioner told the sentencing judge that he did not seek out the pictures, that he barely knew how to use the computer, that the pictures just kept "popping up" on his computer, and that he did not know how to remove them (Sent. Tr. at 18-22). He claimed that he only sent images because others asked him to do so (*id.* at 24-25). He did not admit to intentionally seeking out those images for any reason, much less a psychological reason related to his early experiences (*id.*). Had Petitioner's attorney raised the argument Petitioner suggests, he would have had to argue against his own client's statements. In the end, a diminished capacity argument would have been only weakly supported,

-6-

Case 1:05-cr-00289-WO   Document 50   Filed 06/10/08   Page 6 of 8

stronger arguments did not succeed, and Petitioner himself contradicted the diminished capacity argument. There is no reason that his attorney would have pursued the argument and no reasonable likelihood that the outcome at sentencing would have been different if he had. This claim should be denied.

Petitioner's second claim also alleges ineffective assistance of counsel at sentencing. He claims that counsel raised weak arguments, failed to research and present strong ones, and committed multiple errors which accumulated to harm his cause. Petitioner never specifies any of these claimed deficiencies, however. Therefore this claim is entirely conclusory and should be denied. *See Nickerson, supra*.

Petitioner's third and final claim fails in a similar fashion. Petitioner states in his motion that his conviction and sentencing violated numerous constitutional rights; however, he never specifies these violations or pursues this claim in any of his briefs. Petitioner's third claim is also entirely conclusory and should be denied.

**IN ACCORDANCE WITH THE FOREGOING**, Petitioner's motion to have his former attorney provide him with a copy of his Presentence Report (docket no. 40) is **DENIED**. Furthermore, **IT IS RECOMMENDED** that Petitioner's motion to vacate,

set aside or correct sentence (docket no. 42) be **DENIED** and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

June 10, 2008